IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50842
Conference Calendar
_____

GEORGE CLAY,

                                        Plaintiff-Appellant,

versus

HASSEL R. TERRY;
BENNY BOYKIN; REX MOORE,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-215
- - - - - - - - - -

June 15, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

     George Clay, Texas prisoner # 658987, is BARRED from

proceeding in forma pauperis (IFP) under the Prison Litigation

Reform Act, 28 U.S.C. § 1915(g), because, on at least three prior

occasions while incarcerated, Clay has brought an action or

appeal in a court of the United States that was dismissed as

frivolous or for failure to state a claim upon which relief could

be granted.  Clay v. Stevenson, No. V-95-106 (S.D. Tex. Nov. 7,

1996) (order and judgment dismissing as frivolous civil action

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

against state court judge); <u>Clay v. Jones</u>, No. V-96063 (S.D. Tex. Aug. 8, 1996) (order and judgment dismissing as frivolous 42 U.S.C. § 1983 complaint challenging validity of conviction); and <u>Clay v. Court of Criminal Appeals</u>, No. 1:96-CV-232 (W.D. Tex. Aug. 19, 1996) (dismissal of action as frivolous). One Texas district court has already dismissed a civil rights complaint filed by Clay pursuant to the three-strikes rule. <u>See</u> <u>Clay v. Filley</u>, No. V-97-121 (S.D. Tex. Feb. 19, 1998).

Accordingly, Clay's IFP status is DECERTIFIED, and he may not proceed IFP in any civil action or appeal filed while he is in prison unless he is under imminent danger of serious physical injury. <u>See</u> § 1915(g). The appeal is DISMISSED.

Clay has 15 days from the date of this opinion to pay the full appellate filing fee of $105 to the clerk of the district court, should he wish to reinstate his appeal.

IFP DECERTIFIED; APPEAL DISMISSED.